William F. Bacon, General Counsel (ISB # 2766)
SHOSHONE-BANNOCK TRIBES
P.O. Box 306
Fort Hall, Idaho 83203
Telephone: (208) 478-3822
Facsimile: (208) 237-9736
bbacon@sbtribes.com

Jill Elise Grant (DCB # 358306)*
Jill Grant & Associates, LLP
1319 F Street NW, Suite 300
Washington, D.C. 20004
Telephone: (202) 821-1950
Facsimile: (202) 459-9558
jgrant@jillgrantlaw.com
*Applying to appear pro hac vice

*Attorneys for Plaintiff Shoshone-Bannock Tribes*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHOSHONE-BANNOCK TRIBES OF THE FORT HALL RESERVATION, <br><br> Plaintiff, <br> v. <br><br> P4 PRODUCTION, L.L.C., <br><br> Defendant. | **Civil Action No.** <br><br> (Related case: *United States v. P4 Production, L.L.C.*, No. 4:21-cv-00092-CWD) <br><br> **COMPLAINT** |

The Shoshone-Bannock Tribes of the Fort Hall Reservation ("Tribes"), a federally recognized Indian tribe, by authority of the Fort Hall Business Council and through the undersigned attorneys, and at the request of the Shoshone-Bannock Tribes Environmental Waste Management Program, file this complaint and allege as follows:

## NATURE OF THE ACTION

1. This is a civil action brought under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), as amended, 42 U.S.C. § 9607, for recovery of costs the Tribes has incurred and will incur in connection with response actions to releases and threatened releases of hazardous substances into the environment at or from the Ballard Mine Site ("Site") located in Caribou County, Idaho.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action and over the parties under 28 U.S.C. §§ 1331 and 1362 and Sections 107 and 113(b) of CERCLA, 42 U.S.C. §§ 9607 and 9613(b).

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases or threatened releases of hazardous substances that gave rise to this claim occurred in this district, and because the Site is located in this district.

## PARTIES

4. Plaintiff Shoshone-Bannock Tribes is a federally recognized Indian tribe residing on the Fort Hall Reservation, which consists of approximately 544,000 acres of land in southeastern Idaho.

5. Defendant P4 Production, L.L.C. ("Defendant") is a company formed in Delaware and registered to do business in the State of Idaho, and a wholly owned subsidiary of the Monsanto Company, which is a subsidiary of Bayer AG.

6. Defendant is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

7. Defendant currently owns the Site.

## STATUTORY BACKGROUND

8. CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants, and for funding the costs of such abatement and related enforcement activities, which are known as "response" actions, 42 U.S.C. §§ 9604(a), 9601(25).

9. Section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1), provides:

> Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment.

10. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this Section –
>
> (1)     the owner and operator of a vessel or a facility
>
> \*   \*   \*
>
> shall be liable for –
>
> (A)     all costs of removal or remedial action incurred by the United States Government or a State or an Indian tribe not inconsistent with the National Contingency Plan . . . .

11. Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), provides: "In any such action described in this subsection [an initial action for recovery of the costs referred to in

section 9607], the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages."

## GENERAL ALLEGATIONS

12. The Site is a former open-pit phosphate mine located in the Phosphate Resource Area of southeastern Idaho. The Site is located approximately 13 miles north of Soda Springs, Idaho, in Caribou County. It is just north of the Blackfoot River, which flows northwest, eventually forming the northern boundary of the Fort Hall Reservation.

13. The Site is within the aboriginal territory of the Tribes and the Tribes have treaty rights on unoccupied federal lands in the vicinity of the Site for hunting, fishing, and gathering. A 40-acre Bureau of Land Management (BLM) parcel where the Tribes exercise treaty rights is located about 1 mile southeast of the Site.

14. To manage cleanup operations of the Site, EPA has divided response actions for the Site into portions referred to as "Operable Units."

15. On September 24, 2019, EPA issued a Record of Decision for Operable Unit 1 that called for, among other things, an engineered cover system over more than 500 acres of the Site where wastes are left in place, a series of permeable reactive barriers to intercept and treat contaminated groundwater, and wetland treatment cells to treat contaminated residual seeps and springs.

16. The Tribes have been acting as a Support Agency at the Site. In this role, the Tribes have provided a Support Agency Coordinator or Project Manager to furnish necessary data to EPA, reviewed response data and documents, and provided other assistance requested by EPA's Remedial Project Manager.

17. The Site is a "facility" as defined in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

18. There has been a "release" or a "threatened release" of "hazardous substances," including selenium and heavy metals, into the "environment" at or from the Site, as those terms are defined in Section 101 of CERCLA, 42 U.S.C. § 9601.

19. In undertaking response actions to address the release or threat of release of hazardous substances at the Site, the Tribes have incurred and will continue to incur "response costs" as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25). Response costs that the Tribes have incurred to date with respect to the Site have not been fully reimbursed. These response costs are not inconsistent with the National Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, and codified at 40 C.F.R. Part 300.

## CLAIM FOR RELIEF
*Cost Recovery Under CERCLA Section 107*

20. Paragraphs 1 through 19 are re-alleged and incorporated herein by reference.

21. Defendant owns the Site, which is a facility, within the meaning of Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

22. Hazardous substances have been released at and from the Facility into the environment within the meaning of Sections 101 and 107 of CERCLA, 42 U.S.C. §§ 9601, 9607.

23. The Shoshone-Bannock Tribes are an "Indian tribe" within the meaning of Section 101(36) of CERCLA, 42 U.S.C. § 9601(36).

24. To protect the public health, welfare and the environment from the actual or threatened release of hazardous substances, the Tribes, including the Environmental Waste Management Program and their contractors, have taken response actions within the meaning of

CERCLA Section 101(25), 42 U.S.C. § 9601(25), and have incurred response costs not inconsistent with the National Contingency Plan ("NCP"), 40 C.F.R. Part 300.

25. Defendant is therefore liable under Section 107(a)(1) and 113(g)(2) of CERCLA, 42 U.S.C. §§ 9607(a)(1), 9613(g)(2), for all costs incurred and to be incurred by the Tribes in response to releases and threatened releases of hazardous substances at and from the Site that are not inconsistent with the NCP.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against the Defendant, jointly and severally, under Section 107(a)(4)(A) of CERCLA, 42 U.S.C. § 9607(a)(4)(A), for unreimbursed response costs incurred by the Tribes relating to the Site, including enforcement costs and prejudgment interest;

B. Enter a declaratory judgment on Defendant's liability that will be binding in any subsequent action for further response costs, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2); and

C. Grant such other and further relief as the Court deems just and proper.


Dated March 1, 2021

Respectfully submitted,

/s/ William F. Bacon
William F. Bacon, General Counsel (ISB # 2766)
SHOSHONE-BANNOCK TRIBES
P.O. Box 306
Fort Hall, Idaho 83203
Telephone: (208) 478-3822
Facsimile: (208) 237-9736
bbacon@sbtribes.com

Jill Elise Grant (DCB # 358306)*
Jill Grant & Associates, LLP
1319 F Street NW, Suite 300
Washington, D.C. 20004
Telephone: (202) 821-1950
Facsimile: (202) 459-9558
jgrant@jillgrantlaw.com
*Applying to appear pro hac vice

*Attorneys for Plaintiff Shoshone-Bannock Tribes*